IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

FILED
MAY - 2 2006
CLERK
U.S. DISTRICT COURT
MIDDLE DIST. OF ALA.

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) CR. NO. 2:06cr121-WHA | |
| v. ) [18 USC 1344] | |
| ) | |
| JOHN EARL ELLIS ) | |
| ) INDICTMENT | |

The Grand Jury charges:

## INTRODUCTION

1. That beginning in or about May 29, 1997, and continuing through August 22, 2003, the exact dates being unknown to the Grand Jury, in the Middle District of Alabama and elsewhere, defendant herein,

### JOHN EARL ELLIS,

did knowingly and willfully devise and intend to devise a scheme and artifice to defraud and to obtain money and other property under the custody and control of financial institutions, which deposits were then insured by the Federal Deposit Insurance Corporation, by means of materially false and fraudulent pretenses and representations.

2. It was part of the scheme that the defendant, JOHN EARL ELLIS, used the fictitious names of John Johnsonton and James W. Brown to obtain loans from financial institutions in the Middle District of Alabama, and elsewhere.

3. It was further part of the scheme that the defendant, JOHN EARL ELLIS, used the social security number of Jimmie Baker, a deceased person of Milton, Florida as identification.

4. It was further part of the scheme that the defendant, JOHN EARL ELLIS, used P.O. Boxes 49 and 146, Marbury, Alabama 36051, to further his scheme to defraud financial institutions.

5. It was further part of the scheme that the defendant, JOHN EARL ELLIS, used false identification which identified defendant, JOHN EARL ELLIS, as John Johnsonton.

6. It was further part of the scheme that the defendant, JOHN EARL ELLIS, used false identification to open a personal checking account that the defendant used to process and clear and cash checks that were not lawfully issued to the defendant.

## COUNT 1

That paragraphs 1 through 6 above are realleged and incorporated herein by reference.

On or about December 2, 2002, in Wetumpka, within the Middle District of Alabama, defendant herein,

### JOHN EARL ELLIS,

with the intent to defraud and to obtain money and other property, did execute and attempt to execute the scheme and artifice as set forth above, in that the defendant obtained a loan (#8035595134) in the amount of $3,500.00 United States currency, under the care and custody of Colonial Bank, the deposits of which were then insured by the Federal Deposit Insurance Corporation, by use of a fictitious name and by use of a social security number belonging to a deceased person. All in violation of Title 18, United States Code, Section 1344.

## COUNT 2

That paragraphs 1 through 6 above are realleged and incorporated herein by reference.

On or about December 3, 2002, in Wetumpka, within the Middle District of Alabama, defendant herein,

### JOHN EARL ELLIS,

with the intent to defraud and to obtain money and other property, did execute and attempt to execute

the scheme and artifice as set forth above, in that the defendant obtained a personal checking account (#8033882625) to obtain United States currency, under the care and custody of Colonial Bank, the deposits of which were then insured by the Federal Deposit Insurance Corporation, by use of a fictitious name and by use of a social security number belonging to a deceased person. All in violation of Title 18, United States Code, Section 1344.

## COUNT 3

That paragraphs 1 through 6 above are realleged and incorporated herein by reference.

On or about March 13, 2003, in Wetumpka, within the Middle District of Alabama, defendant herein,

### JOHN EARL ELLIS,

with the intent to defraud and to obtain money and other property, did execute and attempt to execute the scheme and artifice as set forth above, in that the defendant obtained a loan (#8036206640) in the amount of $18,852.36, United States currency, under the care and custody of Colonial Bank, the deposits of which were then insured by the Federal Deposit Insurance Corporation, by use of a fictitious name and by use of a social security number belonging to a deceased person. All in violation of Title 18, United States Code, Section 1344.

## COUNT 4

That paragraphs 1 through 6 above are realleged and incorporated herein by reference.

On or about April 21, 2003, in Prattville, within the Middle District of Alabama, defendant herein,

### JOHN EARL ELLIS,

with the intent to defraud and to obtain money and other property, did execute and attempt to execute

the scheme and artifice as set forth above, in that the defendant deposited a stolen check into defendant's fictitious checking account (#8033882625), and later withdrew $2,500.00 in United States currency, under the care and custody of Colonial Bank, the deposits of which were then insured by the Federal Deposit Insurance Corporation, by use of the fictitious name and by use of a social security number belonging to a deceased person. All in violation of Title 18, United States Code, Section 1344.

## COUNT 5

That paragraphs 1 through 6 above are realleged and incorporated herein by reference.

On or about July 7, 2003, in Montgomery, within the Middle District of Alabama, defendant herein,

### JOHN EARL ELLIS,

with the intent to defraud and to obtain money and other property, did execute and attempt to execute the scheme and artifice as set forth above, in that the defendant attempted to obtain a loan in the amount of $3,500.00 in United States currency, under the care and custody of Colonial Bank, the deposits of which were then insured by the Federal Deposit Insurance Corporation, by use of a fictitious name and by use of a social security number. All in violation of Title 18, United States Code, Section 1344.

## COUNT 6

That paragraphs 1 through 6 above are realleged and incorporated herein by reference.

On or about July 8, 2003, in Tallassee, within the Middle District of Alabama, defendant herein,

### JOHN EARL ELLIS,

with the intent to defraud and to obtain money and other property, did execute and attempt to execute the scheme and artifice as set forth above, in that the defendant attempted to obtain a loan in United States currency, under the care and custody of Peoples Bank, the deposits of which were then insured by the Federal Deposit Insurance Corporation, by use of a fictitious name and by use of a social security number. All in violation of Title 18, United States Code, Section 1344.

## COUNT 7

That paragraphs 1 through 6 above are realleged and incorporated herein by reference.

On or about August 4, 2003, in Prattville, within the Middle District of Alabama, defendant herein,

### JOHN EARL ELLIS,

with the intent to defraud and to obtain money and other property, did execute and attempt to execute the scheme and artifice as set forth above, in that the defendant deposited a stolen Discover credit card convenience check belonging to Merita J. Peek, in the amount of $3,600.00, into his fictitious checking account (#8033882625) which was opened by use of a fictitious name and by use of a fictitious social security number belonging to a deceased person and attempted to obtain United States currency, under the care and custody of Colonial Bank, the deposits of which were then insured by the Federal Deposit Insurance Corporation. All in violation of Title 18, United States Code, Section 1344.

## COUNT 8

That paragraphs 1 through 6 above are realleged and incorporated herein by reference.

On or about August 22, 2003, in Eclectic, within the Middle District of Alabama, defendant herein,

### JOHN EARL ELLIS,

with the intent to defraud and to obtain money and other property, did execute and attempt to execute the scheme and artifice as set forth above, in that the defendant attempted to obtain a loan, that is United States currency, under the care and custody of Peoples Bank, the deposits of which were then insured by the Federal Deposit Insurance Corporation, by use of a fictitious name and by use of a social security number belonging to a deceased person. All in violation of Title 18, United States Code, Section 1344.

A TRUE BILL:

_____
Foreperson

_____
LEURA G. CANARY
United States Attorney

_____
TOMMIE BROWN HARDWICK
Assistant United States Attorney